From: The District Court of the Thirteenth Judicial District. County of Yellowstone.

STATE OF MONTANA, Plaintiff, vs. TERRY SCHATZ, Defendant. NO. 7551

### DECISION

The application of the above-named defendant for a review of the sentence of Three years with 134 days jail time credit for Second Degree Assault, imposed on December 6, 1968, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

It appears that this sentence was proper, reasonable, and lenient, the crime, the individual, and the sentencing goals kept in mind. Defendant assaulted a guard while being returned to Pine Hills School after escape and only received this sentence after violation of the conditions of a two year deferred imposition of sentence. The sentence might have been for 6 years and he will be eligible for parole consideration in May, 1970.

As to defendant's desire to be free from supervision after release, his record does not justify the granting of the same by sentence reduction.

DATED this 14th day of April, 1970.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, Chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the First Judicial District. County of Lewis & Clark.

STATE OF MONTANA, Plaintiff, vs. EUGENE RAY WING, Defendant.

NO. 3532

### DECISION

The application of the above-named defendant for a review of the sentence of Five years with 24 days jail time credit for Rape, imposed on February 11, 1970, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

Rape may be punished by imprisonment up to 99 years with a minimum of 2 years. A 15 year old girl was involved and conviction was by jury trial. While there appear to be no prior felony convictions, in the face of the presumption that the sentencing judge was correct in his determination, the type of crime involved, the wide latitude allowed the sentencing judge, and the fact that the defendant will be eligible for parole consideration in January, 1971, we are unable to sayy that the sentence was not proper, reasonable, and sufficiently lenient in all respects.

Any contention that the defendant was not guilty or that there was perjury at the trial, or that the trial was otherwise improperly conducted, is beyond the power of this Court to consider. Such contentions must be taken up with other courts by appeal or other appropriate proceedings. This Court's power is limited to, "* * * review the judgment so far as it relates to the sentence imposed * * *." Section 95-2503, R.C.M.1947.

DATED this 14th day of April, 1970.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, Chairman; Paul G. Hatfield, Jack D. Shanstrom.